United States District Court
Southern District of Texas
**ENTERED**
July 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMANUEL ADEWALE ADEYINKA, | § § § | |
| *Plaintiff*, | § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-4494 |
| TEXAS VITAL STATISTICS, ET AL., | § § § | |
| *Defendants*. | § § § | |

## ORDER

Pending before the Court is Defendants Texas Department of State Health Services[1] ("DSHS"), Dawn Martin, in her official capacity, and Riba Allen, in her official capacity, (collectively "Defendants") Motion to Dismiss o Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(b)(5). (Doc. No. 9). Proceeding *pro se*, plaintiff Emmanuel Adewale Adeyinka ("Plaintiff") did not file a response, and the time to do so has long since passed. Upon considering the motion, the complaint, and the applicable law, the Court hereby GRANTS Defendants' motion to dismiss. (Doc. No. 9).

Plaintiff's complaint includes articles from various websites concerning a variety of issues, but Plaintiff's causes of action stem from him wanting to make certain changes to his birth certificate. While Plaintiff does not allege what exactly his causes of action are, his complaint makes citations to what appear to be statutes in the United States Code that arguably relate to racial discrimination, specifically to 42 U.S.C. § 1983; 18 U.S.C. §§ 241, 242, 1924; 31 U.S.C. § 6711; 34 U.S.C. § 12601; and 42 U.S.C. §§ 2000a and 18116. Defendants argue, and the Court agrees,

---

[1] Vital Statistics is a program within the Texas Department of State Health Services. Vital Statistics has no separate legal existence from the Texas Department of State Health Services.

that Plaintiff's complaint lacks an actual cause of action, and to the extent that the statutes he cites are the means through which he seeks legal remedy, such claims either (1) barred by Defendants' sovereign immunity, (2) fail to state a cause of action upon which relief can be granted, or (3) are simply legal remedies that are unavailable to Plaintiff as a private citizen.

Rule 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a 3 claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is factually plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court accepts all well-pleaded facts as true, "conclusory allegations, unwarranted factual inferences, or legal conclusions" are not accepted as true. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.4; see also Hanen L.R. 7(D). As stated above, Plaintiffs failed to respond to Defendants' motion by the Court's March 19, 2024, deadline. Therefore, the local rules would allow the Court to grant Defendants' motion as it should be considered unopposed. Nevertheless, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." See *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana*, 757 F.2d 698, 707-09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631

F.2d 1210, 1213-14 (5th Cir. 1980)). Thus, the Court will look to the allegations in the complaint to determine whether Plaintiff has adequately pled a claim for relieve such that he can survive a motion to dismiss.

Here, the complaint largely consists of paragraphs and website links discussing a number of topics, including violence against LGBT people, religious discrimination in China, birthright citizenship, and racial profiling, to name a few. In terms of factual allegations, Plaintiff's complaint merely states that he brings a "request for correction of my parent race to be updated." (Doc. No. 1 at 49). Plaintiff makes no allegations of what rights were violated or how Defendants have violated those rights. At best, Plaintiff's complaint can be construed as attempting to argue that Defendants violated his rights because they required him to follow certain procedures in order to make changes to his birth certificate. This is insufficient to plead a plausible claim for relief under any of the statutes he cites. As such, the complaint (Doc. No. 1) is hereby **DISMISSED** without prejudice to refile. If Plaintiff wishes to refile this lawsuit, he should provide less information on general social and historical topics and provide more facts about his specific interactions with Defendants and why those interactions entitle him to relief.

SIGNED at this 26th day of July, 2024.

Andrew S. Hanen
United States District Judge